1260

James R. McGANN, Denise C. McGann, Timothy P. Finn, Mary Earle Finn, Patrick J. Carberry, Judith Ann Carberry, Janice B. Shaw and Georgia D. Goodwin, individually and on behalf of all others similarly situated, Plaintiff v. Michael J. MUNGO, individually; Michael J. Mungo Co., Inc,; First Service Corporation of South Carolina; and Security Service Corporation, First Service Corporation of South Carolina, Defendants.

The FIRST SERVICE CORPORATION OF SOUTH CAROLINA and Security Service Corporation, Third-Party Plaintiffs/Appellants v. LEXINGTON COUNTY, Third-Party Defendant/Respondent.

(381 S. E. (2d) 354)

Court of Appeals

*Edward M. Woodward, Jr.,* of *Woodward, Leventis, Unger, Ormand & Herndon,* and *James M. Brailsford, III,* of *Robinson, McFadden, Moore, Pope, Williams, Taylor & Brailsford,* Columbia, *for third-party plaintiffs/appellants.*

*Wilburn Brewer, Jr.,* and *Susan Batten Lipscomb, Moore, Van Allen, Nexsen & Pruet,* of Columbia, and *Archie L. Harman,* of *Rawl, Purcell & Harman,* Lexington, *for third-party defendant/respondent.*

Heard Nov. 7, 1988.

Decided Dec. 5, 1988.

*Per Curiam:*

This is an appeal from an order granting summary judgment to Lexington County, third-party defendant in an action brought by residents and property owners of a residential subdivision known as Coldstream against the developers. We affirm the appealed order.

The main complaint alleges the developers were negligent in their design, planning and development of the subdivision and demands repair or replacement of allegedly defective or

inadequate road and drainage systems. The appellants, First Service Corporation and Security Service Corporation, two of the developers, impleaded the county claiming, in effect, that "Agreement and Release" contracts they executed with Lexington County released them from all responsibility for the subject roads and drainage systems and required the County to repair and maintain them. The agreements, which are virtually identical, provide in pertinent part:

> WHEREAS, [the developer] has developed portions of the Estates of Coldstream Subdivision in Lexington County, ... and desires to place the roads and attendant drainage appurtenances existing in said portions within the County system for maintenance;
>
> \*   \*   \*   \*   \*   \*
>
> 1. The County of Lexington agrees and does hereby accept for maintenance the following streets and attendant drainage appurtenances ...
> 2. That [the developer] is hereby released from any and all responsibility for the repair or maintenance of said streets or roads and the attendant drainage systems and this Agreement negates any and all pending or proposed legal actions by Lexington County against the developer, ... with regard to the improvements listed under Item One (1) above.
> 3. That the Surety Bond executed by Michael J. Mungo and [the developer] to the County Council of Lexington ... is hereby released and declared null and void.

We agree with the trial court that the contracts are clear and unambiguous. They express no intention to indemnify the developers against claims based on negligent design, planning or development, nor do they require the County to correct such defects.

For the above reasons and those set forth in the appealed order, we affirm.

Affirmed.